UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

# 07-20857

## CIV-UNGARO

### MAGISTRATE JUDGE O'SULLIVAN



FILED by _____ D.C.

MAR 3 0 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

MARIA DAS GRACAS GOMES RODRIGUES,
as Personal Representative of the Estate of
ANTÔNIO RODRIGUES FILHO, deceased,

     Plaintiff,

vs.

JOSEPH LEPORE, an individual; JAN PAUL
PALADINO, an individual; EXCELAIRE
SERVICE, INC., a foreign corporation;
HONEYWELL INTERNATIONAL, INC., a
foreign corporation; EMBRAER AIRCRAFT
CUSTOMER SERVICES, INC., a Florida
corporation; EMBRAER - EMPRESA
BRASILEIRA DE AERONAUTICA S.A.,
a foreign corporation; LOCKHEED MARTIN
CORPORATION, a foreign corporation;
RAYTHEON COMPANY, a foreign corporation;
and AMAZON TECHNOLOGIES COMPANY, a
foreign corporation,

     Defendants.

_____/

## COMPLAINT

Plaintiff brings this action against the Defendants and respectfully alleges as follows:

1.    This action seeks damages for deaths arising out of the collision that occurred on September 29, 2006 between Gol Transportes Aéreos Flight # 1907 and an Embraer Legacy 600 business jet.

**Podhurst Orseck, P.A.**

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com

## PARTIES

2.      At all times material, Plaintiff, MARIA DAS GRACAS GOMES RODRIGUES ("Mrs. Rodrigues"), was and is a citizen and resident of Brazil. The decedent, ANTÔNIO RODRIGUES FILHO ("Mr. Rodrigues"), was a citizen and resident of Brazil.

3.      At all times material, Mrs. Rodrigues was the wife of Mr. Rodrigues who was killed on September 29, 2006 when Gol Transportes Aéreos Flight # 1907 crashed into the Amazon rainforest.

4.      At all times material, Mrs. Rodrigues was, is and/or will be the duly appointed Administrator, Executor and/or Personal Representative of the Estate of ANTÔNIO RODRIGUES FILHO, deceased.

5.      As Administrator, Executor and/or Personal Representative of decedent's estate, Mrs. Rodrigues brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including but not limited to the following:

        a.      Maria Das Gracas Gomes Rodrigues, wife of decedent;

        b.      Antônio Rodrigues Alves Neto, son of decedent;

        c.      Débora Gomes Rodrigues, daughter of decedent;

        d.      The Estate of Antônio Rodrigues Filho; and

        e.      Any other individual entitled to recover under applicable law.

6.      At all times material, Defendant Joseph Lepore ("Mr. Lepore") is and was a U.S. citizen and resident of New York.

7.      At all times material, Defendant Jan Paul Paladino ("Mr. Paladino") is and was a U.S. citizen and resident of New York.

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346    www.podhurst.com

8.    Defendant ExcelAire Service, Inc. ("ExcelAire") is a New York corporation having its principal place of business in New York, which has in the past and continues to engage in substantial and not isolated business activity on a continuous and systematic basis in Florida.

9.    Defendant Honeywell International, Inc. ("Honeywell") is a Delaware corporation having its principal place of business in New Jersey, which has in the past and continues to engage in substantial and not isolated business activity on a continuous and systematic basis in Florida.

10.    At all times material, Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301 is and was the Registered Agent for Honeywell and is authorized to accept service of process pursuant to Florida Statute § 48.091.

11.    Defendant Embraer Aircraft Customer Services, Inc.("Embraer Customer Service") is a Florida corporation having its principal place of business in Florida.

12.    At all times material, Corporate Creations Network, Inc., 11380 Prosperity Farms Rd. Suite 221E, Palm Beach Gardens, FL 33410 is and was the Registered Agent for Embraer Customer Service and is authorized to accept service of process pursuant to Florida Statute § 48.091.

13.    Defendant Embraer - Empresa Brasilera de Aeronáutica S.A. ("Embraer") is a Brazilian company which has in the past and continues to engage in substantial and not isolated business activity on a continuous and systematic basis in Florida.

14.    Defendant Lockheed Martin Corporation ("Lockheed Martin") is a Maryland corporation having its principal place of business in Maryland, which has in the past and continues to engage in substantial and not isolated business activity on a continuous and systematic basis in Florida.

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

15.     At all times material, Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301 is and was the Registered Agent for Lockheed Martin and is authorized to accept service of process pursuant to Florida Statute § 48.091.

16.     Defendant Raytheon Company ("Raytheon") is a Delaware corporation having its principal place of business in Massachusetts, which has in the past and continues to engage in substantial and not isolated business activity on a continuous and systematic basis in Florida.

17.     At all times material, CT Corporation System, 1200 S. Pine Island Rd., Plantation, Florida 33324 is and was the Registered Agent for Raytheon and is authorized to accept service of process pursuant to Florida Statute § 48.091.

18.     Defendant Amazon Technologies Company ("AmazonTech") is a Delaware corporation having its principal place of business in Miami-Dade County, Florida, which has in the past and continues to engage in substantial and not isolated business activity on a continuous and systematic basis in Florida.

19.     At all times material, Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301 is and was the Registered Agent for AmazonTech and is authorized to accept service of process pursuant to Florida Statute § 48.091.

## JURISDICTION AND VENUE

20.     Jurisdiction is also founded on multiparty, multiforum jurisdiction, 28 U.S.C. § 1369, because the action involves minimal diversity, arises from a single accident where at least 75 people have died, and the accident occurred in a location other than the State where a defendant resides.

21.     Venue in this District satisfies the requirements of 28 U.S.C. §1391 in that, as set forth above, each of the Defendants is found in this District or subject to personal jurisdiction in this District.

- 4 -

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

22.     On September 29, 2006, Plaintiff's decedent was a fare-paying passenger aboard Gol Transportes Aereos Flight # 1907 (hereinafter referred to as "Gol Flight # 1907"), a Boeing 737-800 SFP (tail # PR-GTD), on a scheduled commercial flight from Manaus, Brazil to Rio de Janeiro, Brazil, with a planned stop in Brasilia.

23.     On September 29, 2006, an Embraer Legacy 600 business jet, Serial # 14500965, Tail # N600XL, owned and operated by ExcelAire (hereinafter "ExcelAire Jet") was on a scheduled flight from Sao Jose dos Campos, Brazil to New York, with a scheduled stop in Manaus, Brazil.

24.     The ExcelAire Jet was on its maiden voyage en route to ExcelAire's New York headquarters.

25.     At all times material, Mr. Lepore was the Captain of the ExcelAire Jet during the subject flight.

26.     At all times material, Mr. Paladino was the First Officer of the ExcelAire Jet during the subject flight.

27.     At all times material, Messrs. Lepore and Paladino were employees, representatives, and/or agents of Excelaire and were acting within the scope of their employment and/or agency.

28.     At all times material, ExcelAire owned and operated and/or was the entity in control of the ExcelAire Jet, a dangerous instrumentality.

29.     At all times material, Honeywell designed, manufactured, tested, inspected, marketed, distributed, sold, installed, modified, serviced, maintained, repaired and otherwise placed into the stream of commerce the transponder installed on the Embraer Legacy 600 business jet.

- 5 -

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346      www.podhurst.com

30.     At all times material, Embraer Customer Services and Embraer ("hereinafter Embraer Defendants") designed, manufactured, tested, inspected, marketed, distributed, sold, and supplied the Legacy 600 Jet to ExcelAire.

31.     At all times material, Lockheed Martin, Raytheon, and AmazonTech designed, manufactured, developed, installed, and integrated the air traffic control system, which included radar and radio communications, known as the System for the Vigilance of the Amazon ("SIVAM"), and its component parts, and provided training for and tested the operation of the SIVAM system.

32.     On September 29, 2006, ExcelAire authorized its agents and/or employees, including but not limited to Messrs. Lepore and Paladino, and/or otherwise entrusted them to operate the subject aircraft from Sao Jose dos Campos, Brazil to New York, with a scheduled stop in Manaus, Brazil.

33.     At the time of the accident, the ExcelAire Jet was flying at an altitude of 37,000 feet, an altitude that did not correspond to its filed flight plan and contradicted established norms that reserved odd-numbered altitudes for southbound flights, such as Gol Flight # 1907.

34.     The ExcelAire Jet's flight plan consisted of flying in a northwesterly direction to Brasilia at an altitude of 37,000 feet, followed by a planned descent at Brasilia to 36,000 feet. Under applicable international aviation rules, 37,000 feet was not a proper altitude for that direction of flight.

35.     The Gol aircraft was flying in a southwesterly direction from Manaus, Brazil to Brasilia, Brazil, at an altitude of 37,000 feet, which was a proper altitude for that direction of flight.

- 6 -

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346  |  www.podhurst.com

36.     The ExcelAire Jet's transponder, which was designed and manufactured by Honeywell, was not operating at the time of the mid-air collision. The transponder is a component that transmits the aircraft's identification information, altitude, speed, and direction of travel to other aircraft and ground radar stations. It is an essential part of the Traffic Collision Avoidance System ("TCAS"), which is designed to avoid mid-air collisions. The TCAS is a computerized avionics device that displays and transmits the position, altitude, and direction of travel of an aircraft other aircraft and ground radar stations, thereby identifying potential mid-air collisions and affording the crew of converging aircraft the information needed to avoid a potential collision. The TCAS system relies on the information provided by an aircraft's transponder.

37.     When the transponder of the ExcelAire Jet ceased functioning, it rendered the TCAS system on the ExcelAire Jet inoperative, which meant that no mid-air collision avoidance information could be provided to the flight crews of either aircraft or to air traffic controllers.

38.     At the time of the accident, Lockheed Martin, Raytheon and AmazonTech's air traffic control system, SIVAM, which was supposed to provide radio and/or radar communications with the ExcelAire Jet and the Gol aircraft, was not operating properly.

39.     Lockheed Martin, Raytheon, and AmazonTech knew on and prior to September 29, 2006 that its system was not operating properly and that crucial radio and/or radar communications were being lost and aircraft could not be reached in the area where the accident occurred.

40.     On September 29, 2006, while flying over the Amazon jungle in the Brazilian state of Mato Grasso, the ExcelAire jet collided in mid-air with Gol Flight # 1907, at an altitude of 37,000 feet.

41.     The ExcelAire Jet was able to land safely with its 7 occupants uninjured.

42.     The Gol Aircraft crashed into the Amazon rainforest, killing all 154 passengers and crew.

- 7 -

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346        www.podhurst.com

43.     As a result of the foregoing, Plaintiff's decedent was forced to endure severe mental anguish, fear of impending death, severe physical injuries, and/or death.

44.     As a direct and proximate result of the crash, the Defendants' negligence and other misconduct as hereinafter alleged, Defendants are liable to Plaintiff for all damages to which the Estate, and the survivors and/or beneficiaries are entitled as applicable law may provide.

## COUNT I
## NEGLIGENCE
## AGAINST JOSEPH LEPORE AND JAN PAUL PALADINO

45.     At all times material, Joseph Lepore ("Mr. Lepore"), was the Captain of the ExcelAire Jet during the subject flight.

46.     At all times material, Jan Paul Paladino ("Mr. Paladino") was the First Officer of the ExcelAire Jet during the subject flight.

47.     At all times material, Messrs. Jospeph Lepore and Jan Paul Paladino were acting within the course and scope of their employment with ExcelAire, by providing piloting services for the subject aircraft, owned and operated by ExcelAire.

48.     At all times material, Messrs. Lepore and Paladino, as the Captain and First Officer of the subject accident aircraft, owed a duty to Plaintiff's decedent to operate and control the ExcelAire Jet, on the ground and in the air, with the highest degree of care, and to exercise the highest degree of care to prevent injury of any kind.

- 8 -

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346     www.podhurst.com

49.     The crash which occurred on September 29, 2006, and which resulted in the death of decedent, was a direct and proximate result of the negligence and other misconduct, including but not limited to, of Messrs. Lepore and Paladino.

50.     At all times material, Messrs. Lepore and Paladino breached their duty of care owed to Plaintiff and/or Plaintiff's decedent in some or all of, but not limited to, the following ways:

a.     failing to properly navigate and/or operate the subject accident aircraft in a safe and competent manner, thereby resulting in the subject crash;

b.     Failing to warn passengers on the ExcelAire flight, and crew on flights in the vicinity, of the dangers associated with operation of the subject aircraft;

c.     Failing to fly at the proper altitude in accordance with the flight plan and failing to comply with rules and norms regarding proper altitudes for the ExcelAire Jet's direction of flight;

d.     Failing to operate the ExcelAire jet's transponder and/or TCAS equipment properly;

e.     Failing to maintain proper communication with Brazilian air traffic control;

51.     Messrs. Lepore and Paladino failed to exercise the required degree of care in securing the safety of the subject accident aircraft, and operated the subject accident aircraft in a hazardous manner which negligently violated operative safety procedures and/or the applicable standard of care, with the knowledge that such violations could and/or would likely cause injury, and with disregard for the consequences of his negligence.

52.     Notwithstanding this knowledge, Messrs. Lepore and Paladino, acting within the course and scope of his employment with ExcelAire, *inter alia*, failed to protect against known risks and failed to take precautionary measures.

53.     As a direct and proximate result of Messrs. Lepore and Paladino's negligence and

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

consequent death of decdent, Plaintiff has been damaged and claims all damages to which the Estate, the survivors and/or beneficiaries are entitled, including, as applicable law may provide, but not limited to:

     a.    Pain and suffering of the decedent prior to death;

     b.    Pain and suffering of the survivors, beneficiaries and heirs of decedent;

     c.    Lost society, companionship, guidance and services of decedent to their survivors, beneficiaries and heirs;

     d.    Loss of support in money or in kind;

     e.    Lost net accumulations;

     f.    Lost value of life;

     g.    Funeral expenses; and/or

     h.    Any and all other damages to which Plaintiff, the survivors, beneficiaries, and/or the Estates of decedent may be entitled to recover under applicable law.

WHEREFORE, Plaintiff demands judgment against Messrs. Lepore and Paladino for compensatory damages, costs and such other relief as this Court deems appropriate and further demand trial by jury of all issues triable as of right by a jury.

## COUNT II
## NEGLIGENCE AND VICARIOUS LIABILITY
## AGAINST EXCELAIRE

54.    At all times material, ExcelAire owned, managed, maintained, operated and/or was the entity in control of the ExcelAire jet involved in the subject accident.

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346    www.podhurst.com

55.     At all times material, ExcelAire, owed a duty to its passengers and to other aircraft to operate and control the ExcelAire Jet, on the ground and in the air, with the highest degree of care, and to exercise the highest degree of care to prevent injury of any kind.

56.     Furthermore, as the owners of the subject aircraft, a dangerous instrumentality, ExcelAire is responsible for ensuring that the subject aircraft was operated only by properly trained, competent and capable pilots.

57.     ExcelAire knew or should have known, that if the subject aircraft was not operated by properly trained and competent pilots, there would be an unreasonable risk of harm to persons operating, flying, and/or being flown aboard the ExcelAire Jet and other aircraft, including Gol Flight #1907.

58.     The crash of Gol Flight #1907, which occurred on September 29, 2006 and which resulted in the death of decedent aboard Flight #1907, was a direct and proximate result of the negligence and other misconduct hereinafter alleged of ExcelAire.

59.     At all times material, ExcelAire, by and through its agents, employees and/or representatives, including but not limited to Messrs. Lepore and Paladino while acting as Captain and First Officer of the ExcelAire Jet, breached the duty of care owed to Plaintiff and/or Plaintiff's decedent in many ways, including, but not limited to:

        a.     Failing to ensure that the operators and flight crew of the subject aircraft used standard, reasonably prudent and acceptable piloting techniques and skills in the operation of the subject flight, in violation of state common law standards;

        b.     Failing to properly train, supervise, and/or monitor flight crews, including pilots;

- 11 -

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346  |  www.podhurst.com

      c.     Failing to exercise due care in the hiring and selection of employees, agents and/or representatives to ensure that all safety precautions were followed in the operation of the ExcelAire Jet;

      d.     Failing to properly navigate and/or operate the ExcelAire Jet in a safe and competent manner;

      e.     Failing to fly at the proper altitude in accordance with the flight plan and failing to comply with rules and norms regarding proper altitudes for the ExcelAire's direction of flight;

      f.     Failing to operate the ExcelAire jet's transponder and/or TCAS equipment properly;

      g.     Failing to maintain proper communication with Brazilian air traffic control;

      h.     Failing to warn passengers on the subject flight, and crew on flights in the vicinity, of the danger due to ExcelAire's failure to provide a flight crew capable, trained and able to properly and safely operate the subject aircraft.

60.     At all times material, ExcelAire, by and through its agents, employees, and/or representatives, including but not limited to Messrs. Lepore and Paladino while acting as Captain and First Officer of the subject aircraft, failed to exercise the required degree of care in securing the safety of the ExcelAire Jet and operated the aircraft in a hazardous manner which negligently violated operative safety procedures and/or the applicable standard of care, with the knowledge that such violations could and/or would likely cause injury, and with disregard for the consequences of its negligence.

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

61. Notwithstanding this knowledge, ExcelAire, by and through its agents, employees and/or representatives, including but not limited to Messrs. Lepore and Paladino while acting as Captain and First Officer of the subject aircraft, acting within the course and scope of their employment and entrustment, failed to protect against known risks and failed to take precautionary measures.

62. The crash of Gol Flight # 1907 on September 29, 2006 was proximately and/or legally caused by ExcelAire, by and through the negligent acts of its agents, employees, and/or representatives, including but not limited to Messrs. Lepore and Paladino. Furthermore, as the owner and operator of a dangerous instrumentality entrusted to its agents, employees, and/or representatives, including but not limited to Messrs. Lepore and Paladino, ExcelAire is legally, vicariously and/or otherwise liable for the negligent acts of Messrs. Lepore and Paladino who were operating the subject aircraft as Captain and First Officer with ExcelAire's permission and consent.

63. As a direct and proximate cause of ExcelAire's negligence, Plaintiff's decedent suffered severe injuries and death when Gol Flight # 1907 crashed on September 29, 2006 after colliding with the ExcelAire Jet.

64. As a direct and proximate result of ExcelAire's negligence and the consequent death of decedent, Plaintiff has been damaged and claims all damages to which the Estate, the survivors and/or beneficiaries are entitled, including, as applicable law may provide, but not limited to:

    a.    Pain and suffering of the decedent prior to death;

    b.    Pain and suffering of the survivors, beneficiaries and heirs of decedent;

    c.    Lost society, companionship, guidance and services of decedent to their survivors, beneficiaries and heirs;

    d.    Loss of support in money or in kind;

    e.    Lost net accumulations;

- 13 -

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

  f.  Lost value of life;

  g.  Funeral expenses; and/or

  h.  Any and all other damages to which Plaintiff, the survivors, beneficiaries, and/or the Estates of decedent may be entitled to recover under applicable law.

WHEREFORE, Plaintiff demands judgment against ExcelAire for compensatory damages, costs and such other relief as this Court deems appropriate and further demand trial by jury of all issues triable as of right by a jury.

## COUNT III
## NEGLIGENCE
## AGAINST HONEYWELL

65. At all times material, Honeywell had a duty to use the highest degree of care in designing, manufacturing, modifying, testing, packaging, marketing, selling, installing, supporting, servicing, repairing and maintaining the transponder system installed on the ExcelAire Jet.

66. Honeywell breached the duty of care owed to Plaintiff and/or Plaintiff's decedent by committing one or more of the following acts and/or omissions:

  a.  Negligently designing, manufacturing, testing, inspecting, marketing, selling, installing, supporting, modifying, servicing and maintaining the ExcelAire's transponder and/or TCAS system;

  b.  Failing to warn or remedy the defects associated with the transponder and/or TCAS system; and

  c.  Failing to provide adequate training and instructions for the safe and proper use of the transponder and/or TCAS system.

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 www.podhurst.com

67.     If Honeywell had properly designed, manufactured, modified, repaired, maintained, supported, inspected and tested the transponder and/or TCAS system, and/or provided adequate training, warnings or information regarding the design defects of the transponder and/or TCAS system, the TCAS system would have been operational and the crew of one or both of the converging aircraft would have timely acted so as to avoid the mid-air collision.

68.     As a direct and proximate result of the above-described negligent acts and omissions of Honeywell, which caused the mid-air collision and the consequent death of decedent, Plaintiff has been damaged and claims all damages to which the Estate, the survivors and/or beneficiaries may be entitled, including as applicable law may provide, but not limited to:

      a.      Pain and suffering of the decedent prior to death;

      b.      Pain and suffering of the survivors, beneficiaries and heirs of decedent;

      c.      Lost society, companionship, guidance and services of decedent to their survivors, beneficiaries and heirs;

      d.      Loss of support in money or in kind;

      e.      Lost net accumulations;

      f.      Lost value of life;

      g.      Funeral expenses; and/or

      h.      Any and all other damages to which Plaintiff, the survivors, beneficiaries, and/or the Estate of decedent may be entitled to recover under applicable law.

WHEREFORE, Plaintiff demands judgment against Honeywell International, Inc. for compensatory damages, plus interest and costs and further demands trial by jury of all issues triable as of right by a jury.

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346            www.podhurst.com

## COUNT IV
## STRICT PRODUCTS LIABILITY
## AGAINST HONEYWELL

69.     Honeywell designed, manufactured, modified, tested, inspected, marketed, packaged, sold, installed, serviced, supported, repaired and maintained the transponder and/or TCAS system on the ExcelAire jet, and prepared, revised, and updated all notices, information, manuals, instructions, warnings and/or procedures regarding the operation and limitations of the transponder and/or TCAS system.

70.     The transponder and/or TCAS system (and its warnings, information, instructions and procedures) installed on the ExcelAire jet was being used on September 29, 2006 in substantially the same condition as it was when sold and/or delivered to its intended user.

71.     On and prior to September 29, 2006, the ExcelAire jet and its component parts, including but not limited to, the ExcelAire's transponder and/or TCAS system, manuals, instructions, and warnings, was defective, unreasonably dangerous, unsafe and unfit for its intended use, and incompatible with reasonable expectations for the performance of said product, and said defects could and did cause the mid-air collision and did cause the subject crash of Gol Flight # 1907.

72.     As a direct and proximate result of the defective design and/or manufacture of the transponder and/or TCAS system, including but not limited to Honeywell's failure to warn, inform, train, instruct, and/or establish proper procedures regarding the operation and limitations of the transponder, the ExcelAire Jet and the Gol aircraft collided in mid-air, resulting in the death of decedent.

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346     |     www.podhurst.com

73.     As a further direct and proximate result of Honeywell's failure to warn of the defective and unreasonably dangerous condition of the transponder and the consequent death of decedent, Plaintiff has been damaged and claims all damages to which the Estate, the survivors and/or beneficiaries may be entitled, including as applicable law may provide, but not limited to:

     a.    Pain and suffering of the decedent prior to death;

     b.    Pain and suffering of the survivors, beneficiaries and heirs of decedent;

     c.    Lost society, companionship, guidance and services of decedent to their survivors, beneficiaries and heirs;

     d.    Loss of support in money or in kind;

     e.    Lost net accumulations;

     f.    Lost value of life;

     g.    Funeral expenses; and/or

     h.    Any and all other damages to which Plaintiff, the survivors, beneficiaries, and/or the Estate of decedent may be entitled to recover under applicable law.

WHEREFORE, Plaintiff demands judgment against Honeywell International, Inc. for compensatory damages, plus interest and costs and further demand trial by jury of all issues triable as of right by a jury.

## COUNT V
## NEGLIGENCE
## AGAINST EMBRAER DEFENDANTS

74.     At all times material, Embraer Defendants had a duty to use the highest degree of care in designing, manufacturing, testing, inspecting, marketing, distributing, selling, and supplying the Embraer Legacy 600 jet.

75.     The Legacy 600 Jet was on its delivery flight to the United States via a planned stop in Manaus.

- 17 -

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

76.     The Embraer Defendants breached the duty of care owed to Plaintiff and/or Plaintiff's decedent by committing one or more of the following acts and/or omissions:

a.     Failing to equip the aircraft with a safe and properly functioning transponder and/or TCAS system;

b.     Failing to comply with FAA rules, regulations, and directives regarding the transponder and/or TCAS system;

b.     Failing to comply with FAA Airworthiness Directives that required the replacement of transponders by October 17, 2006;

c.     Failing to warn or remedy the defects associated with the transponder and/or TCAS system; and

d.     Failing to provide adequate training and instructions for the safe and proper use of the transponder and/or TCAS system.

77.     As a direct and proximate result of Embraer Defendants' negligence in the design, manufacture, testing, inspection, marketing, distribution, sale, and supply of the Legacy 600 Jet, and/or the proper compliance with FAA rules, regulations, and/or directives, the ExcelAire Jet and the Gol Flight # 1907 collided in mid-air, resulting in the death of decedent.

78.     As a direct and proximate result of the above-described negligent acts and omissions of the Embraer Defendants, Plaintiff has been damaged and claims all damages to which the Estate, the survivors and/or beneficiaries may be entitled, including as applicable law may provide, but not limited to:

a.     Pain and suffering of the decedent prior to death;

b.     Pain and suffering of the survivors, beneficiaries and heirs of decedent;

c.     Lost society, companionship, guidance and services of decedent to their survivors, beneficiaries and heirs;

d.     Loss of support in money or in kind;

e.     Lost net accumulations;

- 18 -

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346      www.podhurst.com

f.    Lost value of life;

g.    Funeral expenses; and/or

h.    Any and all other damages to which Plaintiff, the survivors, beneficiaries, and/or the Estates of decedent may be entitled to recover under applicable law.

WHEREFORE, Plaintiff demands judgment against the Embraer Defendants for compensatory damages, plus interest and costs and further demands trial by jury of all issues triable by jury.

## COUNT VI
## STRICT PRODUCTS LIABILITY
## AGAINST EMBRAER DEFENDANTS

79.    Embraer Defendants designed, manufactured, modified, tested, inspected, marketed, packaged, sold, installed, serviced, supported, repaired and maintained the Embraer Legacy 600 jet, and prepared, revised, and updated all notices, information, manuals, instructions, warnings and/or procedures regarding the operation and limitations of the Legacy jet.

80.    The Legacy 600 jet (and its warnings, information, instructions and procedures) was being used on September 29, 2006 in substantially the same condition as it was when sold and/or delivered to its intended user.

81.    On and prior to September 29, 2006, the Legacy 600 jet and its component parts, manuals, instructions, and warnings, was defective, unreasonably dangerous, unsafe and unfit for its intended use, and incompatible with reasonable expectations for the performance of said product, and said defects could and did cause the mid-air collision and did cause the subject crash of Gol Flight # 1907.

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346    |    www.podhurst.com

82.     As a direct and proximate result of the defective design and/or manufacture of the Legacy 600 jet, including but not limited to Embraer Defendants' failure to warn, inform, train, instruct, and/or establish proper procedures regarding the operation and limitations of the Legacy 600 jet, the ExcelAire aircraft and the Gol aircraft collided in mid-air, resulting in the death of decedent.

83.     As a further direct and proximate result of Embraer Defendants' failure to warn of the defective and unreasonably dangerous condition of the Legacy 600 jet and the consequent death of decedent, Plaintiff has been damaged and claims all damages to which the Estate, the survivors and/or beneficiaries may be entitled, including as applicable law may provide, but not limited to:

    a.    Pain and suffering of the decedent prior to death;

    b.    Pain and suffering of the survivors, beneficiaries and heirs of decedent;

    c.    Lost society, companionship, guidance and services of decedent to their survivors, beneficiaries and heirs;

    d.    Loss of support in money or in kind;

    e.    Lost net accumulations;

    f.    Lost value of life;

    g.    Funeral expenses; and/or

    h.    Any and all other damages to which Plaintiff, the survivors, beneficiaries, and/or the Estate of decedent may be entitled to recover under applicable law.

WHEREFORE, Plaintiff demands judgment against Embraer Defendants for compensatory damages, plus interest and costs and further demand trial by jury of all issues triable as of right by a jury.

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

## COUNT VII
## NEGLIGENCE
## AGAINST LOCKHEED MARTIN

84.     At all times material, Lockheed Martin had a duty to use the highest degree of care in designing, manufacturing, testing, inspecting, marketing, distributing, selling, and supplying the SIVAM system, including its radio and radar communications.

85.     Lockheed Martin breached the duty of care owed to Plaintiff and/or Plaintiff's decedent by committing one or more of the following acts and/or omissions:

      a.    Negligently designing, manufacturing, assembling, testing, inspecting, marketing, selling, installing, supporting, modifying, servicing and maintaining the SIVAM system;

      b.    Failing to warn or remedy the defects associated with the SIVAM system, including the loss of critical safety information and/or loss of communications with aircraft in the area where the accident occurred; and

      c.    Failing to provide adequate training and instructions for the safe and proper use of SIVAM system.

86.     As a direct and proximate result of Lockheed Martin's negligence in the design, manufacture, testing, inspection, marketing, distribution, sale, and supply of the SIVAM system, the ExcelAire Jet and the Gol Flight # 1907 collided in mid-air, resulting in the death of decedent.

- 21 -

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346    www.podhurst.com

87.     As a direct and proximate result of the above-described negligent acts and omissions of Lockheed Martin, Plaintiff has been damaged and claims all damages to which the Estate, the survivors and/or beneficiaries may be entitled, including as applicable law may provide, but not limited to:

a.     Pain and suffering of the decedent prior to death;

b.     Pain and suffering of the survivors, beneficiaries and heirs of decedent;

c.     Lost society, companionship, guidance and services of decedent to their survivors, beneficiaries and heirs;

d.     Loss of support in money or in kind;

e.     Lost net accumulations;

f.     Lost value of life;

g.     Funeral expenses; and/or

h.     Any and all other damages to which Plaintiff, the survivors, beneficiaries, and/or the Estates of decedent may be entitled to recover under applicable law.

WHEREFORE, Plaintiff demands judgment against Lockheed Martin for compensatory damages, plus interest and costs and further demands trial by jury of all issues triable by jury.

## COUNT VIII
## STRICT PRODUCTS LIABILITY
## AGAINST LOCKHEED MARTIN

88.     Lockheed Martin designed, manufactured, modified, tested, inspected, marketed, packaged, sold, installed, serviced, supported, repaired and maintained the SIVAM system.

- 22 -

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

89.    The SIVAM system, and its warnings, information, instructions and procedures, was being used on September 29, 2006 in substantially the same condition as it was when sold and/or delivered to its intended user.

90.    On and prior to September 29, 2006, the SIVAM system and its component parts, manuals, instructions, and warnings, was defective, unreasonably dangerous, unsafe and unfit for its intended use, and incompatible with reasonable expectations for the performance of said product, and said defects could and did cause the mid-air collision and did cause the subject crash of Gol Flight # 1907.

91.    As a direct and proximate result of the defective design and/or manufacture of the SIVAM system, including but not limited to Lockheed Martin's failure to warn, inform, train, instruct, and/or establish proper procedures regarding the operation and limitations of the SIVAM system, the ExcelAire aircraft and the Gol aircraft collided in mid-air, resulting in the death of decedent.

92.    As a further direct and proximate result of Lockheed Martin's failure to warn of the defective and unreasonably dangerous condition of the SIVAM system and the consequent death of decedent, Plaintiff has been damaged and claims all damages to which the Estate, the survivors and/or beneficiaries may be entitled, including as applicable law may provide, but not limited to:

    a.    Pain and suffering of the decedent prior to death;

    b.    Pain and suffering of the survivors, beneficiaries and heirs of decedent;

    c.    Lost society, companionship, guidance and services of decedent to their survivors, beneficiaries and heirs;

    d.    Loss of support in money or in kind;

- 23 -

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346        www.podhurst.com

      e.     Lost net accumulations;

      f.     Lost value of life;

      g.     Funeral expenses; and/or

      h.     Any and all other damages to which Plaintiff, the survivors, beneficiaries, and/or the Estate of decedent may be entitled to recover under applicable law.

WHEREFORE, Plaintiff demands judgment against Lockheed Martin for compensatory damages, plus interest and costs and further demand trial by jury of all issues triable as of right by a jury.

## COUNT IX
## NEGLIGENCE
## AGAINST RAYTHEON

93.    At all times material, Raytheon had a duty to use the highest degree of care in designing, manufacturing, testing, inspecting, marketing, distributing, selling, and supplying the SIVAM system, including its radio and radar communications.

94.    Raytheon breached the duty of care owed to Plaintiff and/or Plaintiff's decedent by committing one or more of the following acts and/or omissions:

      a.     Negligently designing, manufacturing, assembling, testing, inspecting, marketing, selling, installing, supporting, modifying, servicing and maintaining the SIVAM system;

      b.     Failing to warn or remedy the defects associated with the SIVAM system, including the loss of critical safety information and/or loss of communications with aircraft in the area where the accident occurred; and

      c.     Failing to provide adequate training and instructions for the safe and proper use of SIVAM system.

- 24 -

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

95.     As a direct and proximate result of Raytheon's negligence in the design, manufacture, testing, inspection, marketing, distribution, sale, and supply of the SIVAM system, the ExcelAire Jet and the Gol Flight # 1907 collided in mid-air, resulting in the death of decedent.

96.     As a direct and proximate result of the above-described negligent acts and omissions of Raytheon, Plaintiff has been damaged and claims all damages to which the Estate, the survivors and/or beneficiaries may be entitled, including as applicable law may provide, but not limited to:

a.      Pain and suffering of the decedent prior to death;

b.      Pain and suffering of the survivors, beneficiaries and heirs of decedent;

c.      Lost society, companionship, guidance and services of decedent to their survivors, beneficiaries and heirs;

d.      Loss of support in money or in kind;

e.      Lost net accumulations;

f.      Lost value of life;

g.      Funeral expenses; and/or

h.      Any and all other damages to which Plaintiff, the survivors, beneficiaries, and/or the Estates of decedent may be entitled to recover under applicable law.

WHEREFORE, Plaintiff demands judgment against Raytheon for compensatory damages, plus interest and costs and further demands trial by jury of all issues triable by jury.

### COUNT X
### STRICT PRODUCTS LIABILITY
### AGAINST RAYTHEON

97.     Raytheon designed, manufactured, modified, tested, inspected, marketed, packaged, sold, installed, serviced, supported, repaired and maintained the SIVAM system.

- 25 -

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346      www.podhurst.com

98.    The SIVAM system, and its warnings, information, instructions and procedures, was being used on September 29, 2006 in substantially the same condition as it was when sold and/or delivered to its intended user.

99.    On and prior to September 29, 2006, the SIVAM system and its component parts, manuals, instructions, and warnings, was defective, unreasonably dangerous, unsafe and unfit for its intended use, and incompatible with reasonable expectations for the performance of said product, and said defects could and did cause the mid-air collision and did cause the subject crash of Gol Flight # 1907.

100.    As a direct and proximate result of the defective design and/or manufacture of the SIVAM system, including but not limited to Raytheon's failure to warn, inform, train, instruct, and/or establish proper procedures regarding the operation and limitations of the SIVAM system, the ExcelAire aircraft and the Gol aircraft collided in mid-air, resulting in the death of decedent.

101.    As a further direct and proximate result of Raytheon's failure to warn of the defective and unreasonably dangerous condition of the SIVAM system and the consequent death of decedent, Plaintiff has been damaged and claims all damages to which the Estate, the survivors and/or beneficiaries may be entitled, including as applicable law may provide, but not limited to:

      a.    Pain and suffering of the decedent prior to death;

      b.    Pain and suffering of the survivors, beneficiaries and heirs of decedent;

      c.    Lost society, companionship, guidance and services of decedent to their survivors, beneficiaries and heirs;

      d.    Loss of support in money or in kind;

      e.    Lost net accumulations;

- 26 -

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

f.  Lost value of life;

g.  Funeral expenses; and/or

h.  Any and all other damages to which Plaintiff, the survivors, beneficiaries, and/or the Estate of decedent may be entitled to recover under applicable law.

WHEREFORE, Plaintiff demands judgment against Raytheon for compensatory damages, plus interest and costs and further demand trial by jury of all issues triable as of right by a jury.

## COUNT XI
## NEGLIGENCE
## AGAINST AMAZONTECH

102.  At all times material AmazonTech had a duty to use the highest degree of care in designing, manufacturing, testing, inspecting, marketing, distributing, selling, and supplying the SIVAM system, including its radio and radar communications.

103.  AmazonTech breached the duty of care owed to Plaintiff and/or Plaintiff's decedent by committing one or more of the following acts and/or omissions:

a.  Negligently designing, manufacturing, assembling, testing, inspecting, marketing, selling, installing, supporting, modifying, servicing and maintaining the SIVAM system;

b.  Failing to warn or remedy the defects associated with the SIVAM system, including the loss of critical safety information and/or loss of communications with aircraft in the area where the accident occurred; and

c.  Failing to provide adequate training and instructions for the safe and proper use of SIVAM system.

104.  As a direct and proximate result of AmazonTech's negligence in the design, manufacture, testing, inspection, marketing, distribution, sale, and supply of the SIVAM system, the ExcelAire Jet and the Gol Flight # 1907 collided in mid-air, resulting in the death of decedent.

- 27 -

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

105.    As a direct and proximate result of the above-described negligent acts and omissions of AmazonTech, Plaintiff has been damaged and claims all damages to which the Estate, the survivors and/or beneficiaries may be entitled, including as applicable law may provide, but not limited to:

a.    Pain and suffering of the decedent prior to death;

b.    Pain and suffering of the survivors, beneficiaries and heirs of decedent;

c.    Lost society, companionship, guidance and services of decedent to their survivors, beneficiaries and heirs;

d.    Loss of support in money or in kind;

e.    Lost net accumulations;

f.    Lost value of life;

g.    Funeral expenses; and/or

h.    Any and all other damages to which Plaintiff, the survivors, beneficiaries, and/or the Estates of decedent may be entitled to recover under applicable law.

WHEREFORE, Plaintiff demands judgment against AmazonTech for compensatory damages, plus interest and costs and further demands trial by jury of all issues triable by jury.

## COUNT XII
## STRICT PRODUCTS LIABILITY
## AGAINST AMAZONTECH

106.    AmazonTech designed, manufactured, modified, tested, inspected, marketed, packaged, sold, installed, serviced, supported, repaired and maintained the SIVAM system.

- 28 -

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

107.    The SIVAM system, and its warnings, information, instructions and procedures, was

being used on September 29, 2006 in substantially the same condition as it was when sold and/or

delivered to its intended user.

108.    On and prior to September 29, 2006, the SIVAM system and its component parts,

manuals, instructions, and warnings, was defective, unreasonably dangerous, unsafe and unfit for

its intended use, and incompatible with reasonable expectations for the performance of said product,

and said defects could and did cause the mid-air collision and did cause the subject crash of Gol

Flight # 1907.

109.    As a direct and proximate result of the defective design and/or manufacture of the

SIVAM system, including but not limited to AmazonTech's failure to warn, inform, train, instruct,

and/or establish proper procedures regarding the operation and limitations of the SIVAM system,

the ExcelAire aircraft and the Gol aircraft collided in mid-air, resulting in the death of decedent.

110.    As a further direct and proximate result of AmazonTech's failure to warn of the

defective and unreasonably dangerous condition of the SIVAM system and the consequent death of

decedent, Plaintiff has been damaged and claims all damages to which the Estate, the survivors

and/or beneficiaries may be entitled, including as applicable law may provide, but not limited to:

    a.    Pain and suffering of the decedent prior to death;

    b.    Pain and suffering of the survivors, beneficiaries and heirs of decedent;

    c.    Lost society, companionship, guidance and services of decedent to their survivors, beneficiaries and heirs;

    d.    Loss of support in money or in kind;

    e.    Lost net accumulations;

- 29 -

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

      f.       Lost value of life;

      g.      Funeral expenses; and/or

      h.      Any and all other damages to which Plaintiff, the survivors, beneficiaries, and/or the Estate of decedent may be entitled to recover under applicable law.

WHEREFORE, Plaintiff demands judgment against AmazonTech for compensatory damages, plus interest and costs and further demand trial by jury of all issues triable as of right by a jury.

DATED this 2n^th day of March, 2007.

Respectfully submitted,

PODHURST ORSECK, P.A.
25 West Flagler Street, Suite 800
Miami, Florida 33130
(305) 358-2800 / Fax (305) 358-2382
Email: smarks@podhurst.com

By: _____
      Steven C. Marks
      Fla. Bar No. 516414
      Ricardo M. Martínez-Cid
      Fla. Bar No. 383988

Of Counsel:
Arthur Ballen, Esq.
102 Box Hill
Cherry Hill, New Jersey 08003
Telephone: (856) 428-3032
Facsimile: (856) 428-0987

- 30 -

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346      www.podhurst.com

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**07-20857**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MARIA DAD GRACAS GOMES RODRIGUES, as Personal Representative of the Estate of ANTONIO RODRIGUES FILHO, deceased | JOSEPH LEPORE, an individual, JEAN PAUL PALADINO, an individual, EXCELAIRE SERVICES, INC., a foreign corporation, et. al. |

**UNGARO**

(b) County of Residence of First Listed Plaintiff ___Brazil___
(EXCEPT IN U.S. PLAINTIFF CASES)

(b) County of Residence of First Listed Defendant _Suffolk NY_
(EXCEPT IN U.S. PLAINTIFF CASES)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Steven C. Marks, Esq. and Ricardo M. Martinez-Cid, Esq.
Podhurst Orseck, P.A., 25 W. Flagler St., Suite 800, Miami, FL 33130
Tel: (305) 358-2800

Attorneys (If Known)

**MAGISTRATE JUDGE**
**O'SULLIVAN**

(d) Check County Where Action Arose:

| | DADE | MONROE | BROWARD | PALM BEACH | MARTIN | ST. LUCIE | INDIAN RIVER | OKEECHOBEE HIGHLANDS |
|---|---|---|---|---|---|---|---|---|
| | X | | | | | | | |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**FILED by JC**
**MAR 30 2007**

Dade 1:07CV20857 | uub O'Sullivan

**CLARENCE MADDOX**
**CLERK U.S. DIST. CT.**
**S.D. OF FLA. - MIAMI**

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | [X] 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | [X] 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury - | 620 Other Food & Drug | 423 Withdrawal | 410 Antitrust |
| 130 Miller Act | [X] 315 Airplane Product | Med. Malpractice | 625 Drug Related Seizure | 28 USC 157 | 430 Banks and Banking |
| 140 Negotiable Instrument | Liability | 365 Personal Injury - | Of Property 21 USC 881 | | 450 Commerce |
| 150 Recovery of Overpayment | 320 Assault, Libel & | Product Liability | 630 Liquor Laws | **PROPERTY RIGHTS** | 460 Deportation |
| & Enforcement of Judgment | Slander | 368 Asbestos Personal | 640 R.R. & Truck | 820 Copyrights | 470 Racketeer Influenced and |
| 151 Medicare Act | 330 Federal Employers' | Injury Product | 650 Airline Regs. | 830 Patent | Corrupt Organizations |
| 152 Recovery of Defaulted | Liability | Liability | 660 Occupational | 840 Trademark | 480 Consumer Credit |
| Student Loans | 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | 490 Cable/Sat TV |
| (Excl. Veterans) | 345 Marine Product | 370 Other Fraud | 690 Other | | 810 Selective Service |
| 153 Recovery of Overpayment | Liability | 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | 850 Securities/Commodities/ |
| Of Veteran's Benefits | 350 Motor Vehicle | 380 Other Personal | 710 Fair Labor Standards | 861 HIA (1395ff) | Exchange |
| 160 Stockholders' Suits | 355 Motor Vehicle | Property Damage | Act | 862 Black Lung (923) | 875 Customer Challenge |
| 190 Other Contract | Product Liability | 385 Property Damage | 720 Labor/Mgmt. Relations | 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| 195 Contract Product Liability | 360 Other Personal | Product Liability | 730 Labor/Mgmt. Reporting | 864 SSID Title XVI | 890 Other Statutory Actions |
| 196 Franchise | Injury | | & Disclosure Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 740 Railway Labor Act | **FEDERAL TAX SUITS** | 892 Economic Stabilization Act |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate | 790 Other Labor Litigation | 870 Taxes (U.S. Plaintiff | 893 Environmental Matters |
| 220 Foreclosure | 442 Employment | Sentence | 791 Empl. Ret. Inc. | or Defendant) | 894 Energy Allocation Act |
| 230 Rent Lease & Ejectment | 443 Housing/ | Habeas Corpus: | Security Act | 871 IRS—Third Party | 895 Freedom of Information |
| 240 Torts to Land | Accommodations | 530 General | | 26 USC 7609 | Act |
| 245 Tort Product Liability | 444 Welfare | 535 Death Penalty | | | 900 Appeal of Fee |
| 290 All Other Real Property | 445 Amer. w/Disabilities - | 540 Mandamus & Other | | | Determination |
| | Employment | 550 Civil Rights | | | Under Equal Access |
| | 446 Amer. w/Disabilities - | 555 Prison Condition | | | to Justice |
| | Other | | | | 950 Constitutionality of |
| | 440 Other Civil Rights | | | | Statue Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity)):
28 U.S.C. § 1369
LENGH OF TRIAL vis _10_ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ > 20 M
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

(See Instructions): JUDGE Honorable Patricia A. Seitz   DOCKET NUMBER 07-20682-Civ-Seitz/McAliley

DATE **3/29/07**   SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY   RECEIPT # 957356   AMOUNT $ 350.00   APPLYING IFP _____

03/30/07